UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL J. STREBLER, | ) | CASE NO. 5:13 cv 2215 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER OF |
| | ) | REMAND |
| | ) | |
| MORGAN STANLEY & CO., INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Daniel Strebler filed this case in the Summit County Court of Common Pleas claiming conversion, breach of fiduciary duty, unjust enrichment, and violation of certain state statutes by defendants for failing to return tax-deferred contributions plaintiff made to the Morgan Stanley Wealth Creation Program for the calendar years 2007 and 2008. (Compl., Doc. No. 1-1.) The amount of plaintiff's contributions at issue is approximately $44,000. (*Id*. ¶ 8.) Defendants removed this case to federal court pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332, asserting that plaintiff and defendants are citizens of different states and that the amount in controversy exceeds $75,000. (Notice, Doc. No. 1.)

This matter is now before the Court on plaintiff's motion to remand the case to state court. (Motion, Doc. No. 6.) Plaintiff asserts that defendants have not demonstrated that the amount in controversy exceeds the $75,000 jurisdictional requirement of § 1332. (*Id.*) Defendants have opposed the motion (Opp., Doc. No. 7), and

filed a motion to dismiss for failure to state a claim and for sanctions (Doc. Nos. 5 and 8, respectively).

For the reasons that follow, plaintiff's motion to remand is GRANTED.[1]

## I.  BACKGROUND

A.  **Plaintiff's Complaint**

The following fact summary is drawn from plaintiff's complaint. Plaintiff was a Financial Advisor employed by defendant Morgan Stanley & Co. (Morgan Stanley) in the Global Wealth Management Group. (Compl. ¶ 1.) Defendant Morgan Stanley Financial Advisor and Investment Representative Compensation Plan (the Plan)[2] is an employee benefit plan designed to retain employees as Financial Advisors through a pre-tax deferral of earned income and matching contributions of company stock. (Compl. ¶ 3.)

The Wealth Creation Program (WCP) was a supplement to the Plan designed to retain Financial Advisors with a gross revenue production of at least $300,000. (Compl. ¶ 5.) The WCP documents contain a choice of law clause providing that the WCP is governed by New York law. (Compl. ¶ 17.)

Participation in the WCP was voluntary. Plaintiff contributed 5% of his earned income to the WCP for the calendar years 2007 and 2008 through pre-tax

---

[1] Because this case will be remanded, the Court will not decide defendants' pending motions to dismiss and for sanctions. Defendants must pursue those arguments in state court.

[2] The Court notes that in opposing plaintiff's motion, Morgan Stanley contends that the Plan is not "a proper defendant as Plaintiff is referring to Morgan Stanley's employee benefit plan rather than a corporation or individual who could be a party." (Opp. at 85 n. 1.)  (All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.) That issue is not relevant to the Court's analysis herein.

withholdings from his paychecks. Plaintiff's contributions to the WCP "totaled in excess of $44,000." (Compl. ¶¶ 6-8.)

Plaintiff voluntarily terminated his employment with Morgan Stanley on February 2, 2009. Morgan Stanley did not return plaintiff's contributions to the WCP. (Compl. ¶¶ 15-16.)

Plaintiff alleges that by not returning his contributions to the WCP, Morgan Stanley has breached its fiduciary duty, converted his contributions, and been unjustly enriched. Plaintiff also claims that Morgan Stanley has violated both New York[3] and Ohio[4] law.[5] In his prayer for relief (Compl. at 10-11), plaintiff seeks:

1. a declaration of his rights arising out of his participation in the WCP;

2. return of his earned compensation that he contributed to the WCP, with interest;

3. damages resulting from Morgan Stanley's failure to return his contributions to the WCP, such as any undetermined tax liability;

4. fees and costs, including attorney's fees, incurred in bringing this action; and

5. such other further relief as the Court may deem appropriate.

Defendants timely removed plaintiff's state court action. In their notice of removal, defendants reference an earlier, now resolved, 2010 case. The Court will briefly summarize plaintiff's earlier case to the extent it may provide context regarding the issue of removal of the instant case.

---

[3] NYS CLS Labor §§ 190(1) and 191(3).

[4] Ohio Rev. Code. §§ 1335.11, 2721.16 and 4113.15.

[5] The Court's resolution of the merits of plaintiff's motion does not depend upon a determination of whether New York or Ohio law applies to plaintiff's claims.

B.   **Plaintiff's 2010 District Court Case**

In 2010, plaintiff filed a complaint in federal court based on the same facts as this case—Morgan Stanley's failure to return plaintiff's contributions to the WCP. (N.D. Ohio Case No. 5:10 cv 206 (*Strebler I*).) However unlike the instant action, which asserts only state law claims, *Strebler I* alleged federal claims under the Employee Retirement Income Securities Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and 28 U.S.C. § 2201(a), in addition to state law claims.

In *Strebler I*, the district court stayed the case pending arbitration, subject to reopening upon written motion after the final decision of the arbitrator. (*Strebler I*, Doc. No. 17.) The arbitrator entered an award in favor of Morgan Stanley on November 4, 2011. (*Id.*, Doc. No. 19-1.)

Following the arbitrator's decision, plaintiff sought to reopen *Strebler I* and vacate the arbitration award. (*Strebler I*, Doc. No. 19.) In his motion, plaintiff argued that the arbitrator acted with manifest disregard for the law because his contributions to the WCP were pre-tax deductions from his earnings and, under New York law, earnings cannot be subject to forfeiture.

Plaintiff's motion to vacate the arbitrator's award was denied and, upon appeal, the Sixth Circuit Court of Appeals affirmed the decision. (*Strebler I*, Doc. No. 29.)

## II.  DISCUSSION

A. **Removal on the Basis of Diversity Jurisdiction**

Defendants removed this case to federal court on the basis of the Court's diversity jurisdiction—28 U.S.C. § 1332— which provides that:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States[.]

Federal jurisdiction in a diversity case is determined at the time of removal. *Shupe v. Asplundh Tree Expert Co.,*-- F. App'x --, 2014 WL 2119151, at *2 (6th Cir. May 22, 2014) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). "The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe*, 2014 WL 2119151, at *2 (quoting *Nat'l Nail Corp. v. Moore*, 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001) (citing *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995))).

While there is no dispute that there is complete diversity of citizenship in this case, there is an issue regarding the propriety of removal with respect to the amount in controversy. (*See* Motion at 81.)

In order to determine the amount in controversy, the Court first considers the allegations in plaintiff's complaint. If an examination of the complaint is not dispositive, then the Court looks to the allegations in the notice of removal. The burden is on the removing party to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Hayes v. Equitable Energy Resources Co.,* 266 F.3d

5

560, 572 (6th Cir. 2001), *rehearing denied* (citing *Gafford v. Gen. Elec.*, 997 F.2d 150, 157-58 (6th Cir. 1993) (*abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010))).

When considering the allegations in the complaint to determine the amount in controversy, potential awards of statutory attorney's fees and punitive damages may be considered. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975); *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless . . . a statute mandates or expressly allows the payment of such fees." (citing *Clark*, 518 F.2d at 1168)). However, the amount in controversy is controlled by plaintiff's complaint, and there is no duty on the part of the trial court to create a claim that plaintiff has not "spelled out in his pleading." *Clark*, 518 F.2d at 1169 (quoting *Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961)). Therefore, if plaintiff's complaint does not contain a "short and plain" statement showing that the pleader is entitled to statutory relief, the potential statutory remedies should not be included in the amount in controversy for purposes of determining federal jurisdiction. *See id.*

### B. Analysis

It is not apparent from the face of plaintiff's complaint that the amount in controversy exceeds $75,000. Plaintiff claims unreturned wages in excess of $44,000. However, neither plaintiff nor defendants quantify the excess and defendants do not suggest that the excess is of any significance in the amount-in-controversy analysis. In

fact, both parties treat the amount of unreturned wages at issue as $44,000, and so will the Court for the purpose of this analysis.

Plaintiff advances multiple legal theories to support his claim that Morgan Stanley should return the $44,000 in wages that plaintiff contributed to the WCP. These legal theories include breach of fiduciary duty, conversion, and unjust enrichment in addition to alleged violations of certain Ohio and New York statutes regarding wages and commissions.

In addition to seeking return of his wages with interest, plaintiff also seeks attorney fees, costs and "[d]amages, such as any undetermined tax liability" that may have resulted from Morgan Stanley's failure to return his contributions to the WCP. (Compl. at 11.) Plaintiff does not seek punitive or exemplary damages, nor does plaintiff claim—or allege facts to support a claim of—bad faith, or willful, wanton, or reckless conduct on behalf of Morgan Stanley.

In turning to defendants' notice of removal, their single conclusory statement that, "[b]ased on the proceedings and facts disclosed in [*Strebler I*], Defendants state that the amount in controversy in this Action will be more than $75,000[,]" is insufficient to meet their burden regarding the amount in controversy. (Notice at 2.) But, unlike this case, *Strebler I* included an ERISA claim, so the amount in controversy was not relevant for purposes of establishing the district court's jurisdiction. Moreover, defendants' "jurisdictional statement" is entirely devoid on its face of any fact or evidence that supports, or permits the Court to make its own determination of, the jurisdictional amount in controversy at the time of removal.

Defendants raise several arguments in opposition to the motion to remand. However, none of these arguments are persuasive. First, defendants assert that, if plaintiff succeeds under Ohio Rev. Code § 1335.11, that success alone brings the amount in controversy over the jurisdictional amount because defendants would be liable for "exemplary damages." But, while plaintiff has alleged that defendants violated § 1335.11, his complaint does not seek exemplary damages. Second, defendants argue that plaintiff might be entitled to liquidated damages up to 6% under Ohio Rev. Code § 4113.15 or, perhaps, up to 25% under N.Y. Lab. Law § 198. But that would only add either $2,640 or $11,000 to the $44,000 plaintiff seeks – clearly not enough. Third, defendants argue that a *reasonable* attorney's fee could raise the amount of recovery; but they provide no facts, estimates, or analysis to support a presumption that attorney's fees, if awarded, would actually cause the amount in controversy to exceed $75,000. Fourth, defendants argue that plaintiff might be entitled to punitive damages if he prevails on certain claims. However, for that to occur, plaintiff would have to allege and prove facts supportive of fraud, malice, or insult. *See Parrish v. Machlan*, 722 N.E.2d 529 (Ohio Ct. App. 1997) ("[p]unitive damages may be recovered in a conversion action when the conversion involves elements of fraud, malice, or insult."). Fraud must be pled with particularity, Fed. R. Civ. P. 9(b), and plaintiff here has asserted no facts to support a fraud claim. Finally, defendants claim that plaintiff's tax liability claim can contribute to the jurisdictional amount, but they offer no specifics as to how that might occur.

Federal courts are courts of limited jurisdiction, and "a federal court must proceed with caution in deciding that it has subject matter jurisdiction." *Musson*

8

*Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) (citing *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700, 78 L. Ed. 1248 (1934)). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

It is defendants' burden to provide the Court with "competent proof" of jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). Based on the conclusory statements in defendants' notice of removal and the allegations in plaintiff's complaint, the Court would be required to guess in order to estimate the amount in controversy. The Court is not required to—and may not—engage in speculation or guesswork to determine its jurisdiction. As previously stated, federal courts have limited jurisdiction and all doubts regarding jurisdiction must be resolved in favor of remand.

Diversity jurisdiction must be established by defendants at the time of removal and defendants have failed to carry their burden. The Court finds that neither the notice of removal, nor the pleadings attached thereto, contain facts or evidence from which removal jurisdiction can be determined. Therefore, the Court concludes that defendants have failed to establish by a preponderance of evidence at the time of removal that the amount in controversy exceeds $75,000, and remand is appropriate.

## III. CONCLUSION

For the reasons contained herein, the Court finds that defendants have not carried their burden to establish by a preponderance of the evidence that this case was subject to the original jurisdiction of the Court at the time of removal. Accordingly, the Court concludes that it lacks subject matter jurisdiction over plaintiff's complaint, and plaintiff's motion to remand is GRANTED. This case is remanded to the Summit County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: September 12, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**